**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFERSON ESTUARDO SANTACRUZ SABINO., | ) | |
| | ) | |
| Petitioner, | ) | 3:26-cv-1621 |
| | ) | |
| v. | ) | |
| | ) | |
| KRISTI NOEM, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Jefferson Estuardo Santacruz Sabino filed a Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order alleging that he was illegally subject to mandatory detention after his arrest on July 21, 2026. (ECF Nos. 1, 2). Petitioner asserts that he was detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which the Third Circuit has found inapplicable to noncitizens residing in the interior of the county. *Buele Morocho v. Warden*, – F.4th —, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). Respondents have filed a Response to the Petition representing that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and presently has access to an individualized bond hearing in immigration court. (ECF No. 6).

Respondents have provided documentary evidence showing that Respondents performed a custody determination on August 29, 2026 and that on September 2, 2026, Petitioner elected to have his custody determination reviewed by an Immigration Judge ("IJ"). (ECF No. 9-1). On September 14, 2026, a bond hearing was scheduled to take place on September 16, 2026. (ECF No. 9-2). Respondents have also filed the Order of the IJ which denied bond based on a finding that Petitioner is a flight risk. (ECF No. 9-3).

The Court therefore agrees with Respondents that the Petition should be dismissed as moot because Petitioner has accessed a bond hearing in the immigration court under § 1226(a). Respondents have shown that Petitioner is not being detained pursuant to § 1225(b)(2)(A) or otherwise subject to mandatory detention, which are the only claims Petitioner advances. The Court has no information about the adequacy of the bond hearing and therefore makes no judgment on the subject. Petitioner's claims, however, derived from his alleged complete lack of access to a bond hearing, and the Petition therefore warrants dismissal without prejudice.

AND NOW, this 20th day of October, 2026, IT IS HEREBY ORDERED that the Petition and Motion for Temporary Restraining Order is DISMISSED WITHOUT PREJUDICE as moot. The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak________________
Mark R. Hornak
UNITED STATES DISTRICT JUDGE